UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL LEITERMAN )<br>)<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>JANET NAPOLITANO, Secretary, )<br>DEPARTMENT OF HOMELAND )<br>SECURITY )<br>)<br>    *Defendant* ) | Civil Action No. 13-cv-394(CKK) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant, through undersigned counsel, hereby files this reply. Defendant submits that a review of the record reveals that dismissal, or, in the alternative, summary judgment is appropriate on Plaintiff's claims. Thus, Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Defendant's Motion") should be granted.

**ARGUMENT**

**I.   Plaintiff's Responses to Defendant's Statement of Material Facts**

In responding to the Defendant's Statement of Material Facts, Plaintiff has, generally, not properly cited to record evidence to question the accuracy of the facts set forth by Defendant, as required by Local Civil Rule 7(h)(1). Rather, Plaintiff mostly agrees with the proffered facts;[1] but, at times, he adds commentary or assertions not necessary to resolution of Defendant's Motion. *See, e.g.*, Plaintiff's Response to Defendant's Statement of Material Facts ("Pl. Resp. SMF"), ¶¶ 4-5, 7-8, 10-11, 16-17. What Plaintiff does make clear in these added facts is that at

---

[1] Plaintiff admits the proffered facts set out in Defendant's Statement Of Material Facts Not In Dispute ("Def's SMF"), ¶¶ 1-3, 6, 9, 12, 14-15, 18, 22-24.

least some of his claims rise and fall on whether he is entitled to the accommodations of his choosing. *See e.g.,* Pl. Resp. SMF, ¶¶ 14(admitting that due to his inability to use the Fed Traveler software system required by government regulations (*see* Pl Resp. SMF, ¶¶ 12-16) other employees assisted him in making travel plans, but he insists that such an accommodation is immaterial because he claims a right to book travel himself);[2] id., ¶ 20 (denying that he received information from VLC training courses in alternate forms of presentation, although his Complaint, ¶ 42 indicates: "CBP provided Mr. Leiterman a PDF version of the training.").[3]

Where Plaintiff does not proffer facts to raise a material dispute as to the facts proffered by Defendant, the Court would not abuse its discretion in employing Local Civil Rule 7(h); and the Court's analysis in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150-54 (D.C. Cir. 1996) (allowing District Court to deem admitted facts set forth by a party in support summary judgment that are not properly controverted by the opposing party), would apply. *Id.*, *see also Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980); *SEC v. Banner Fund Int'l.*, 211 F.3d 602, 616 (D.C. Cir. 2000) (if the party opposing the motion fails to comply with

---

[2] Plaintiff affirms that he did receive travel for training, although a week later than he had initially attempted. Still, it is undisputed that the delay of one week was because he did not receive a cash travel advance sufficiently in advance of the first training session. He makes no attempt to show that this one-week delay caused any hardship. *See* Pl. Resp. SMF, ¶¶ 11-17.

[3] Plaintiff's response to Def. SMF, ¶ 20, makes clear that he was not satisfied with the PDF version of the training outline (a format that he admits his agency-supplied JAWS software reads, Pl. Resp. SMF, ¶ 33), because the training was not interactive. He does not allege that the training method was ineffective or that he failed to learn from the training because it was non-interactive causing him to be downgraded or demoted. *See* Pl. Resp. SMF, ¶¶ 20-21. At best, he speculates that he may someday make a mistake due to ineffective training that might lead to discipline. Pl. Resp. SMF, ¶ 21; Pl. Exh. 3(ECF No. 31-5), ¶ 6 (admitting that his supervisors have made sure he has access to the computer network even when he does not complete security training, but "they have never told me that in the event I do something not permitted that was taught in the trainings I will be exempt from discipline."). Such speculation does not serve to disprove the facts set forth by Defendant or to raise a material issue in this action.

this local rule, then the district court is under no obligation to sift through the record should instead deem as admitted the moving party's statement.)

In a few instances, Plaintiff contests facts, but elsewhere, in essence, concedes them. For example, Plaintiff disputes that he requested the installation of Adobe Acrobat on his computer. Pl. Resp. SMF, ¶ 4. But, Plaintiff admits that he asked for JAWS software which reads Word documents and PDF files which are created by Adobe Acrobat. Id, ¶¶ 4-5; Pl. Exh. 3 (ECF No. 31-5), ¶ 7. Still, whether or not he requested it, the agency has clearly made a good faith effort to accommodate his needs. See Def. SMF, ¶¶ 4-21. Under such circumstances, he cannot prevail on his claims. See Pantazes v. Jackson, 366 F.Supp.2d 57, 69 (D.D.C. 2005); 42 U.S.C. § 1981A(a)(3) ("In cases where a discriminatory practice involves the provision of a reasonable accommodation pursuant to section 102(b)(5) of the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12112(b)(5)] or regulations implementing section 791 of Title 29, damages may not be awarded under this section where the covered entity demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business."), 42 U.S.C. §12112.

## II.     Section 501's Exclusive Remedial Scheme

Defendant has previously explained that Section 501 is the exclusive remedy for claims of disability discrimination in federal employment. See Def's Mem. at 5-6 (and cases cited therein); Taylor v. Small, 350 F.3d 1286, 1291 (D.C. Cir. 2003). Plaintiff cites no persuasive contrary authorities and instead simply relies on Taylor v. Small, which held "in conformity with the majority of courts to have addressed the issue, that § 504 does not provide federal employees

an "alternative route for relief under the Rehabilitation Act." *Taylor v. Small*, 350 F.3d at 1291 (quoting *Rivera v. Heyman*, 157 F.3d 101, 104 (2nd Cir.1998) and other cases. Plaintiff's suggestion that his Section 508 claim is not brought under Section 504 ignores that fact that under 29 U.S.C. § 794d(f), the remedies against an agency under Section 508 are limited to administrative remedies provided under Section 504. *See* 29 U.S.C. § 794d(f)(2) ("Administrative complaints. Complaints filed under paragraph (1) shall be filed with the Federal department or agency alleged to be in noncompliance. The Federal department or agency receiving the complaint shall apply the complaint procedures established to implement section 794 [section 504 of the Rehabilitation Act] for resolving allegations of discrimination in a federally conducted program or activity.); *see also* Def's Mem. at 5-8. Given that waivers of sovereign immunity must be narrowly construed, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Lane v. Peña*, 518 U.S. 187, 192 (1996), Plaintiff has not established that the Rehabilitation Act affords him a cause of action in a court of law for a violation of Section 508. Instead, for a federal employee, his exclusive remedy is under Section 501, for which he must establish each element, whether a violation of Section 508 has or has not taken place. *See Stewart v. St. Elizabeths Hosp.*, 593 F. Supp. 2d 111, 113 (D.D.C. 2009), *affirmed* 589 F.3d 1305, 1308 (DC Cir. 2010) (a prima facie case of discrimination under the Rehabilitation Act for failure to accommodate requires a showing (1) that the plaintiff was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of the plaintiff's disability; (3) that with reasonable accommodation the plaintiff could perform the essential functions of the position; and (4) that the employer refused to make such accommodations). Thus, for the reasons set forth by Defendant, *see* Def's Mem. at 5-6,

Plaintiff's purported claim under Section 508 should be dismissed as the claim is precluded by the exclusive remedy provided by Section 501.

**III. There is no private right of action under Section 508**

Even if Section 501 did not supply the exclusive remedy here, plaintiffs cannot bring a lawsuit directly under Section 508. *See* Def's Mem. at 6–8; *Latham v. Brownlee*, 2005 WL 578149, at *9 (W.D. Tex. Mar. 3, 2005) ("the statute does not authorize a private, non-administrative right [of] action").[4]

Plaintiff asserts that he may bring a Section 501 complaint incorporating a Section 508 claim. Pl. Opp. at 14. He, again, misunderstands the limited waiver of sovereign immunity for claims under the Rehabilitation Act brought by employees. Although, theoretically, the same facts might establish a section 501 claim and a failure to follow the requirements of Section 508, Plaintiff must still make out every element of a claim under Section 501. Recovery is then limited to the relief that would be available under Section 501. *See Porter v. Sebelius*, 944 F.Supp.2d 65, 67 n.1 (D.D.C. 2013); *Sataki v. Broadcasting Bd. of Governors*, 733 F. Supp. 2d 1, 11 (D.D.C. 2010); *Klute v. Shinseki*, 797 F. Supp. 2d 12, 17 (D.D.C. 2011); *Edwards v. U.S. E.P.A.*, 456 F. Supp. 2d 72, 100 (D.D.C. 2006) (dismissing section 504 claim because 501 is exclusive).

---

[4] Plaintiff relies on *Pantazes v. Jackson*, 366 F.Supp.2d at 66 to support a claim under Section 508, *see* Pl. Mem. at 9, but a review of that case and the underlying briefing reveals that the availability of a civil action brought under Section 508 was never argued. Rather, the defendant in that case assumed that a Section 508 claim could proceed as part of a Section 501 claim, but argued that the facts would not support such a claim. *Pantazes* does not cite 29 U.S.C. § 794d(f), which limits the remedies available under Section 508 to the administrative remedies provided under Section 504. Nor does *Pantazes* mention *Taylor v. Small*, which holds that Section 501 supplies the exclusive remedy for disability discrimination in federal employment.

### IV. The Agency has the ultimate discretion to choose the accommodation, and may choose the less expensive accommodation or the accommodation that is easier for it to provide, as long as it allows the employee to perform the essential functions of his/her job.

Plaintiff's Opposition asserts that the Agency's attempts to accommodate him did not rise to the level to which he believes he is entitled. Instead of revoking his telework accommodation when the Agency changed its security for off-site access, his managers elected to permit him to continue to telework and use alternate means to complete his assignments. Plaintiff admits that he was provided with training with respect to computer security and the like, but that it was not interactive. He requested and was offered the opportunity to be a tester for the Windows 7 operating system, but believes the Agency should not have initiated the testing process. He was offered an opportunity to attend an out of town training and afforded assistance to successfully make travel arrangements, obtain a cash advance for the trip, and submit expense reports, but insists that he should be able to perform these tasks on his own. He was offered another opportunity to attend another out of town training on a topic relevant to his position, but states he should have been able to attend the earlier training. He was provided with the hardware and software to create and modify documents to an accessible format, but insists that they should arrive in an accessible format for his use. The telephone in his office works, but it has some non-static buttons and he cannot use the caller ID or directory or know if he has a voicemail without pushing the voicemail message button. For months, he refused to change the telephone to one with static buttons on the grounds that the agency had to make all of that specific telephone's functions accessible to him.

Further, Mr. Leiterman's demands that the agency provide him with accessible technology that meets his requirements are not the "only reasonable accommodation." Pl. Mem. at 17. Contrary to Plaintiff's assertions, employees are not entitled to an accommodation of their

choice, they are entitled to that which is necessary to enable them to perform the essential functions of their jobs. 29 C.F.R. pt. 1630, app. at 377 (2004) (employer providing the accommodation has the ultimate discretion); *Barth v. Gelb*, 2 F.3d 1180, 1186 (D.C. Cir. 1993) (concluding that "a reasonable accommodation is one employing a *method of accommodation* that is reasonable in the run of cases"); *Carter v. Bennett,* 651 F. Supp. 1299, 1301 (D.D.C. 1987), *aff'd* 840 F.2d 63, 67 (D.C. Cir. 1988) ("The government is not obligated under the statute to provide plaintiff with every accommodation he may request, but only with reasonable accommodation as is necessary to enable him to perform his essential functions.").

In *Carter*, the agency met its burden of persuasion with evidence that it reasonably accommodated plaintiff's handicap, specifically, it provided persons to act as readers for plaintiff, furnished him with special equipment and office space, and decreased plaintiff's workload. Once met, plaintiff has the burden of going forward with evidence concerning possible accommodations to rebut the employer's evidence. *Carter*, 651 F. Supp. at 1301. In awarding summary judgment in favor of the agency, the court found that the plaintiff had failed to present persuasive evidence establishing that the additional accommodations he desired were necessary for the adequate performance of his job or that the benefit to him from receiving these additional accommodations sufficiently outweighed the costs to the Department of providing those accommodations. *Id.*

There is no dispute that throughout his employment, Defendant has provided Plaintiff with numerous reasonable accommodations for his blindness in order to assist him in performing the essential functions of his job. *See* Pl. Resp. SMF, ¶¶ 2-22. Defendant has provided Plaintiff with a private office, teleworking, additional computers and laptops, assistive technology such as JAWS and Kurzweil, access to numerous Office of Information Technology ("OIT") personnel

to assist with the technology, a significantly reduced workload, and extensive assistance from his supervisors and colleagues. *See* Exhibit 2 (Castelli Affidavit), ¶¶ 7-11. The fact that Plaintiff believes that he was entitled to different or better accommodations -- including providing him with a Blackberry (to telework); not upgrading to Windows 7 operating system; requiring over 60,000 agency employees to only send documents which are accessible to blind employees; not implementing a government-wide travel management system; and not implementing an agency-wide training system --, does not establish that the agency failed to accommodate him for purposes of his Rehabilitation Act claim.

V.      **The continuing violation doctrine does not apply to reasonable accommodation claims.**

Plaintiff asserts that his failure to be promoted is not an isolated incident, but rather an ongoing discrimination," that "constitute[s] a continuing violation on the agency's part." Pl. Mem. at 26-27. The continuing violation theory, however, is based on the existence of repeated conduct, not discrete discriminatory acts such as such as a "termination, failure to promote, denial of transfer, or refusal to hire." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002); *Long v. Howard University*, 512 F.Supp.2d 1 (D.D.C. 2007), *aff'd.* 550 F.3d 21 (2008).

In *Long v. Howard University*, the court held that "there is no principled basis for declining to apply *Morgan* to denials of requests for reasonable accommodation under the . . . [Americans with Disabilities Act]." 512 F. Supp. 2d at 16 (noting that "many courts have held that an alleged failure to provide a requested accommodation under the . . . ADA is also a 'discrete act' under *Morgan* and thus cannot rest on a continuing violation theory to make it timely"). *See Tobin v. Liberty Mutual Insurance Co.*, 553 F.3d 121, 130-131 (1st Cir. 2009) (finding denial of employee's request starts the clock running, and thus, the continuing violation

doctrine does not apply); *Elmenayer v. ABF Freight System, Inc.*, 318 F.3d 130, 134-35 (2d Cir. 2003) ("The rejection of a proposed accommodation is a single completed action when taken" and the continuing violation doctrine is therefore inapplicable.); *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1185 (10th Cir. 2003) (applying *Morgan* to reasonable accommodation claims and holding that "plaintiffs are now expressly precluded from establishing a continuing violation exception for alleged discrete acts of discrimination occurring prior to the limitations period, even if sufficiently related to those acts occurring within the limitations period"); *Isse v. American University*, 540 F. Supp. 2d 9, 28 (D.D.C. 2008) (deciding that "a rejection of a request for an accommodation is a 'discrete act of discrimination' . . . and not a 'continuing violation'").

Plaintiff admits that he submitted his application for promotion to the GS-14 level by April 2010, withdrew it one month later, and did not contact an EEO counselor on this issue until June 2011, more than a year later.  Pl. Resp. SMF ¶¶ 23-25, Complaint, ¶¶ 5, 44-46, 70. He seems to attempt to assert a claim, without any evidence, of equitable tolling and/or equitable estoppel by simply stating that the Agency "misled" him and he was thereby prevented from timely contacting an EEO counselor.  *See* Pl. Mem. at 27-28.  Even assuming that Section 501 claims are subject to equitable tolling and equitable estoppel, both arguments are unavailing.  *See Porter v. Sebelius*, 944 F. Supp. 2d 65, 68 (D.D.C. 2013) (*citing Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (holding that exhaustion of administrative remedies is a jurisdictional requirement of the Rehabilitation Act); *Int'l Union v. Clark*, Civil Action No. 02-1484, 2006 U.S. Dist. LEXIS 64449, 2006 WL 2598046 at *9 (D.D.C. Sept. 11, 2006) (observing that exhaustion of administrative remedies is "a jurisdictional predicate to Section 501 claims").  Whether viewed as jurisdictional or not, *see Fortune v. Holder*, 767 F.Supp.2d 116 (D.D.C. 2011), a

Plaintiff must still timely exhaust his claims under the Rehabilitation Act. *See Porter v. Sebelius*, 944 F.Supp.2d 65, 68 (D.D.C. 2013).

To merit equitable tolling, Plaintiff must also show that "extraordinary circumstances and carefully circumscribed instances" prevented him from meeting the filing deadlines. *Smith-Hayne v. District of Columbia*, 155 F.3d 575, 579-80 (D.C. Cir. 1998). A "petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing [his] rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)); *see also, e.g., Felter v. Kempthorne*, 473 F.3d 1255, 1260 (D.C. Cir. 2007). Other than his bald assertion, Plaintiff has not produced any evidence to support either of these factors.

Further, Plaintiff cites to *Broome v. West*, Civil Action No. 95-3587, 1996 U.S. Dist. LEXIS 5864,1995 WL 855450 (D.M.D. 1996), an unpublished decision by the U.S. District Court for the District of Maryland, for the proposition that estoppel may be raised where the defendant misled a claimant and thereby prevented him from timely filing his administrative complaint. Pl. Mem. at 27. *Broome*, and the cases it cites, however, do not provide Plaintiff with the support he seeks. In *Broome*, the court found that the plaintiff had failed to show the defendant had waived its right to assert a timeliness argument, there was no equitable estoppel, and his termination, a discrete action, was not subject to the continuing violation theory, and thus, "the conclusion is inescapable that [the plaintiff] failed to pursue his administrative remedies in a timely fashion." *Broome v. West*, Civil Action No. 95-3587, 1996 U.S. Dist. LEXIS 5864, 1995 WL 855450 at *3-*6 (*citing Nealon v. Stone,* 958 F.2d 584, 589 (4th Cir. 1992) (*quoting Zografov v. V.A. Medical Center,* 779 F.2d 967, 969 (4th Cir. 1985))) ("The

government cannot be estopped from asserting the [45] day time limit. . . if plaintiff has made no showing of affirmative misconduct on the part of the government, which is the least the court would require, even if that would suffice, to rely upon estoppel."); *Price v. Litton Bus. Sys., Inc.,* 694 F.2d 963, 965-66 (4th Cir. 1982) ("An employee's hope for rehire, transfer, promotion, or a continuing employment relationship -- which is all that [plaintiff] asserts here -- cannot toll the statute absent some employer conduct likely to mislead an employee into sleeping on his rights.); *see, e.g., Dillman v. Combustion Eng'g., Inc.,* 784 F.2d 57 (2d Cir. 1986) (barring untimely complaint as there was no evidence plaintiff was unaware of his rights or that defendant improperly lulled him into delaying the filing of his EEOC claim).

Plaintiff here has failed to identify any affirmative misconduct by the agency to warrant equitable estoppel. *See Irwin v. Dept of Veterans Affairs,* 498 U.S. 89, 96 (1990); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752-53 (D.C. Cir. 1998); *Bowden v. United States*, 323 U.S. App. D.C. 164, 106 F.3d 433, 438 (D.C. Cir. 1997).

Accordingly, based solely on the pleadings, Plaintiff's non-promotion claims is time-barred, and the Court should dismiss this claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss this action or, with respect to any claims that can be said to state a claim for relief, enter partial summary judgment in favor of the Defendants.

                                                Respectfully submitted,

                                                RONALD C. MACHEN JR., DC Bar #447889
                                                United States Attorney
                                                for the District of Columbia

                                                DANIEL F. VAN HORN, DC Bar #924092
                                                Chief, Civil Division

                                        By: _____
                                                W. MARK NEBEKER, DC Bar #396739
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, DC  20530
                                                Tel: (202) 252-2536
                                                Email:  mark.nebeker@usdoj.gov

OF COUNSEL:

FRISLANDA GOLDFEDER
Attorney
Office of Chief Counsel
U.S. Customs and Border Protection

      Dated: January 31, 2014

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147 (1984) ........................................11

Barth v. Gelb, 2 F.3d 1180 (D.C. Cir. 1993) ......................................................................7

Bowden v. United States, 323 U.S. App. D.C. 164, 106 F.3d 433 (D.C. Cir. 1997).........11

Broome v. West, Civil Action No. 95-3587, 1996 U.S. Dist. LEXIS 5864,1995
    WL 855450 (D.M.D. 1996) ......................................................................................10

Carter v. Bennett, 651 F. Supp. 1299 (D.D.C. 1987), *aff'd* 840 F.2d 63, 67 (D.C.
    Cir. 1988) ...................................................................................................................7

Davidson v. America Online, Inc., 337 F.3d 1179 (10th Cir. 2003) ..................................9

Edwards v. U.S. E.P.A., 456 F. Supp. 2d 72 (D.D.C. 2006) ..............................................5

Elmenayer v. ABF Freight System, Inc., 318 F.3d 130 (2d Cir. 2003) ..............................9

Felter v. Kempthorne, 473 F.3d 1255 (D.C. Cir. 2007).....................................................10

Fortune v. Holder, 767 F. Supp. 2d 116 (D.D.C. 2011) ............................................... 9-10

Gardels v. CIA, 637 F.2d 770 (D.C. Cir. 1980)..................................................................2

Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) ................10

International Union v. Clark, Civil Action No. 02-1484, 2006 U.S. Dist. LEXIS
    64449, 2006 WL 2598046 (D.D.C. Sept. 11, 2006) ..................................................9

Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) ..........................................11

Isse v. American University, 540 F. Supp. 2d 9 (D.D.C. 2008) .........................................9

Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,
    101 F.3d 145 (D.C. Cir. 1996).....................................................................................2

Klute v. Shinseki, 797 F. Supp. 2d 12 (D.D.C. 2011) ........................................................5

Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994) ...................4

Lane v. *Peña*, 518 U.S. 187 (1996)..........................................................................................4

Long v. Howard University, 512 F. Supp. 2d 1 (D.D.C. 2007)............................................8

Nealon v. Stone, 958 F.2d 584 (4th Cir. 1992)....................................................................10

Pace v. DiGuglielmo, 544 U.S. 408 (2005) ........................................................................10

Pantazes v. Jackson, 366 F. Supp. 2d 57 (D.D.C. 2005) .................................................3, 5

Porter v. Sebelius, 944 F. Supp. 2d 65 (D.D.C. 2013).................................................. 5, 9-10

Price v. Litton Business System, Inc., 694 F.2d 963 (4th Cir. 1982) .................................11

SEC v. Banner Fund International, 211 F.3d 602 (D.C. Cir. 2000) ....................................2

Sataki v. Broadcasting Board of Governors, 733 F. Supp. 2d 1 (D.D.C. 2010)..................5

Smith- Hayne v. District of Columbia, 155 F.3d 575 (D.C. Cir. 1998)..............................10

Spinelli v. Goss, 446 F.3d 159 (D.C. Cir. 2006)...................................................................9

Stewart v. St. Elizabeths Hospital, 593 F. Supp. 2d 111 (D.D.C. 2009), *affirmed*
    589 F.3d 1305, 1308 (DC Cir. 2010) ............................................................................4

Taylor v. Small, 350 F.3d 1286 (D.C. Cir. 2003) ............................................................ 3-5

Tobin v. Liberty Mutual Insurance Co., 553 F.3d 121 (1st Cir. 2009)................................8

Washington v. Wash. Metropolitan Area Transit Authority, 160 F.3d 750 (D.C.
    Cir. 1998) ......................................................................................................................11

Zografov v. V.A. Medical Center, 779 F.2d 967 (4th Cir. 1985) ................................ 10-11

## FEDERAL STATUTES AND REGULATIONS

29 U.S.C. § 794d(a)(1)(A)(i) ................................................................................................6

29 U.S.C. § 794d(f) ........................................................................................................ 4-5

29 U.S.C. § 794d(f)(2) .........................................................................................................4

42 U.S.C. § 1981A(a)(3).......................................................................................................3

42 U.S.C. §12112..................................................................................................................3

42 U.S.C.A. § 12112(b)(5) ..........................................................................................3

29 C.F.R. pt. 1630, app. at 377 (2004) ............................................................................7

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply has been made through the Court's electronic transmission facilities on this 31st day of January, 2014.

                                  /s/
W. MARK NEBEKER, DC BAR #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536