UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL LEITERMAN,                    )
                                      )
                Plaintiff,            )
                                      )
                                      )  Civil Action No. 13-394 RDM
                                      )
JEH JOHNSON, Secretary, Department    )
  Of Homeland Security, et al.,       )
                                      )
                Defendants.           )
_____)

DEFENDANTS' MOTION IN LIMINE, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

INTRODUCTION

Defendants, by and through undersigned counsel, hereby move in limine, pursuant to Fed. R. Civ. P. 7, the inherent power of the Court and Fed. R. Evid. 401, 403, and 404(b), to exclude testimony from Plaintiff's proffered expert witness, and thus to strike the purported expert report of Sharron Rush.  The testimony proffered by Plaintiff through Ms. Rush is not relevant to the sole claim that remains following the Court's July 28, 2014 dismissal of, inter alia, all claims founded on Section 508 of the Rehabilitation Act.  See ECF No. 36 at 13-17 (July 28, 2014 Memorandum Opinion ("7/28/14 Mem. Op."));  ECF No. 35 (dismissing "Plaintiff's claim under Section 508 of the Rehabilitation Act.").  Plaintiff, through counsel, Joseph B. Espo, Esq., has indicated that Plaintiff will oppose this motion.

ARGUMENT

Plaintiff included in the Complaint a cause of action (Count I) seeking relief under Section 508 of the Rehabilitation Act, 29 U.S.C. § 794d.  Complaint (ECF No. 1) at 12.[1]  After full briefing, the Court concluded that Plaintiff could not pursue a Section 508 claim in this Court and dismissed that claim.  7/28/14 Mem. Op. at 13-17.  In reaching this conclusion, the Court specifically addressed, and rejected, Plaintiff's assertion that he could bring his Section 508 claim under Section 501 (29 U.S.C. § 791).  See 7/28/14 Mem. Op. at 16-17 ("the Court is concerned that Plaintiff's argument would constitute an end-run around the scheme for enforcement of Section 508 set up by Congress.  If a federal agency's failure to comply with the requirements of Section 508 created *per se* liability under Section 501, then the statutory enforcement provisions of Section 508 would be rendered superfluous.")

Plaintiff has produced a proposed expert report that seeks to provide Plaintiff's legal arguments on what is required under Sections 503, 504, and 508 of the Rehabilitation Act as well as the Communications other statutes and asserted standards, but specifically opining on the Agency's purported failure to satisfy

---

[1] Plaintiff's Failure To Promote claim (Count III) was also dismissed.  See 7/28/14 Mem. Op. at 29-37.

the requirements of Section 508 in its purchases of technology.  <u>See</u>

Exhibit A (Corrected Plaintiff's Initial Expert Disclosure and

Plaintiff's Initial Expert Disclosure.[2]  In each instance, the

Plaintiff seeks to instruct the factfinder on what the law is under

the various statutes.  <u>See e.g.</u>, Exhibit A, Digital Accessibility

report at 1-3.  Elsewhere, the report purports to advise on whether

such widely-used software as Windows XP has failed "Section 508

requirements".  <u>Id</u>. at 4; <u>see also id</u>. at 5-6 (noting Section 508

violations in Windows7 Gold; FedTraveler; MS Word; Adobe PDF;

Powerpoint and "others").[3]

Plaintiff's efforts to litigate issues related to Section 508

are inappropriate, given that the Section 508 claims have been

dismissed.  <u>See</u> 7/28/14 Mem. Op. at 16-17; <u>see also</u> Fed. R. Civ. P.

26(b) (limiting the scope of discovery to matters that are "relevant

to any party's claim or defense . . .").  Issues related to Section

508 are decidedly not relevant to the sole remaining claim in this

action, Plaintiff's claim that he was not reasonably accommodated.

---

[2] Although the expert reports references a video, none has been
provided to Defendants.

[3] Defendants note that Ms. Rush reported not to have testified
as an Expert in the past, <u>see</u> Exhibit A, Digital Accessibility report
at 6.  Defendants reserve the right, if necessary, to challenge her
qualifications after expert depositions, which are to be scheduled
in April 2015.

To the extent that the legal significance of the relevant statutes could be relevant, the Court, not a purported non-lawyer expert should instruct a jury on what the controlling law is.  <u>See</u> <u>Carranza</u> v. <u>Fraas</u>, 471 F.Supp.2d 8, 10 (D.D.C. 2007) (concluding that expert testimony as to the state of the law was not necessary where the law is not unusually complex). Moreover, to the extent that Section 508 definitions and standards could have any marginal relevance in this action, the probative value, if any, is far outweighed by the unfair prejudice, confusion and the likelihood that a jury would be misled by the Section 508 standards in this Section 501 case.  Moreover, the testimony on issues not relevant to the alleged failure to accommodate claim that remains would cause delay and would waste time in any trial in this case.  These factors call for the exclusion of this evidence.  <u>See</u> Fed. R. Evid. 403; <u>United States</u> v. <u>Carswell</u>, 922 F.2d 876, 879 (D.C. Cir. 1991) (under Rule 403, a district court may reasonably conclude that something more is required to allow expert testimony than that the proffered witness has somewhat greater knowledge of the relevant issues than that of the average juror.) (<u>citing</u> <u>United States</u> v. <u>Anderson</u>, 851 F.2d 384, 394 (D.C. Cir. 1988) (recognizing district court's broad discretion in balancing the probative value of expert testimony against its prejudicial effect) and <u>United States</u> v. <u>Downing</u>, 753 F.2d 1224, 1226

(3d Cir. 1985)(district court has discretionary authority under Rule
403 to exclude relevant evidence that would unduly waste time or
confuse issues at trial).

Indeed, Plaintiff clearly seeks to tarnish the Agency by its
claimed failure to satisfy the requirements of Section 508 when
purchasing major software upgrades in the hope that a jury will
conclude that this bad behavior necessarily means that it would not
reasonably accommodate an employee when called upon through the
interactive process to provide an accommodation that is reasonable.
This effort is contrary to Fed. R. Evid. 404(b).  Rule 404(b)
provides in part:

Crimes, Wrongs or Other Acts.

(1) Prohibited Uses.  Evidence of a crime, wrong, or
other act is not admissible to prove a person's character
in order to show that on a particular occasion the person
acted in accordance with the character.

Fed. R. Evid. 404(b).  Here, Plaintiff simply seeks to present
a list of claimed Section 508 failures, although Plaintiff
admits that the purported expert has not herself witnessed the
failures but simply been presented with documentation prepared
largely at the administrative stage of this case.  See Exhibit
A, Digital Accessibility report at 4 ("In preparing these
comments, the author did not perform tests on the systems in
question . . .").  These purported Section 508 failings can have

no bearing on whether the Agency reasonably accommodated Plaintiff so that he could perform the essential functions of his position.  They should be excluded from a trial on the separate issue of the Agency's efforts to provide a reasonable accommodation for Plaintiff.  <u>See</u> Complaint, at 12 (Count II); <u>Hudson</u> v. <u>District of Columbia</u>, 558 F.3d 526, 532  (D.C. Cir. 2009) ("It was a violation of Rule 404(b) for the trial judge to permit Clayton's counsel to elicit testimony about Merritt's purported history of anger, using 'improper use of force' and filing 'false reports.' . . .  Such testimony is evidence of prior bad acts introduced 'to show action in conformity therewith' and is therefore prohibited under Fed. R. Evid. 404(b).") (<u>citing</u> <u>United States</u> v. <u>Simpson</u>, 992 F.2d 1224, 1228–29 (D.C. Cir. 1993).

For these reasons, Defendants ask that the Court conclude that Plaintiff will not be permitted to present the purported

expert testimony reflected in the proffered Expert Report of
Sharron Rush and strike the report.

A proposed Order consistent with this motion accompanies this
motion.

Respectfully submitted,

RONALD C. MACHEN JR., DC BAR # 447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, DC Bar #924092
Civil Chief

By: _____ /s/
W.MARK NEBEKER, DC BAR #396739
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530
(202) 252-2536
mark.nebeker@usdoj.gov

-7-

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendants' Motion In Limine, And Memorandum Of Points And Authorities In Support Thereof and a proposed order has been made through the Court's electronic transmission facilities on this 17th day of March, 2015.


                                        /s/
                              _____
                              W. MARK NEBEKER, DC Bar #396739
                              Assistant United States Attorney
                              Judiciary Center - Room 10-439
                              555 4th Street, N.W.
                              Washington, DC  20530
                              (202) 514-7230